# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **HUMBERTO BUSTAMANTE,** | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION FILE** |
| | ) | **NO. _____** |
| vs. | ) | |
| | ) | |
| **BRITO PRODUCE CO.,** | ) | **JURY TRIAL** |
| and **JESUS BRITO,** | ) | **DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW HUMBERTO BUSTAMANTE, Plaintiff above, (hereafter "Plaintiff"), by and through the undersigned counsel, and for his Complaint shows the Court the following:

## INTRODUCTION

1.

Plaintiff worked as a driver for Defendants from on or about June 1999 through July 27, 2010.

2.

Plaintiff brings this action under the Fair Labor Standards Act, as amended, (hereinafter referred to as "FLSA") to recover (1) the minimum wage that was denied him and an additional amount as liquidated damages; (2) the overtime wage that was denied him and an additional amount as

- 1 -

liquidated damages and (3) his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. §216(b), 28 U. S.C §§1331 and 1337, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. §1391 because Defendants are located in this judicial district, and all the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

5.

Plaintiff resides within Clayton County, Georgia.

6.

At all times material hereto, Plaintiff has been an "employee" as defined in the FLSA §3(e)(2)(c); 29 U.S.C. §203(e)(2)(c).

7.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the minimum wage and overtime protections set forth in FLSA §§6 and 7(c); 29 U.S.C. §§ 206, 207(c).

8.

Defendant Brito Produce Co., is a corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, Brito Produce Co., has been an "employer" as defined in FLSA §3(d), 29 U.S.C. §203(d) and an "enterprise engaged in commerce" as defined in FLSA §3(s)(1)(C); 29 U.S.C. § 203(s)(1 )(C).

10.

Defendant Brito Produce Co., is subject to the personal jurisdiction of this Court.

11.

Defendant Jesus Brito resides within Henry County, Georgia.

12.

At all times material hereto, Defendant Jesus Brito has been an "employer" as defined in FLSA §3(d); 29 U.S.C. §203(d).

13.

Defendant Jesus Brito is subject to the personal jurisdiction of this Court.

14.

Defendant Jesus Brito may be served with process at 90 S. Salem Drive, McDonough, Georgia 30253-4768.

## THE FACTS

15.

The allegations in all previous paragraphs above are incorporated by reference as if each were fully set out herein.

16.

During his employment with Defendants, Defendants regularly compensated Plaintiff at an hourly rate of pay that is below the minimum wage as established in accordance with the FLSA.

17.

During his employment with Defendants, Plaintiff regularly worked in excess of forty hours each week.

18.

Defendants failed to compensate Plaintiff at one and one half times his regular rate for work in excess of forty hours in any week from 1999 through July 27, 2010.

19.

From June 1999 through July 27, 2010, Defendants willfully failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

20.

As a result of underpayment of minimum wage as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

21.

Plaintiff is entitled to liquidated damages in addition to the minimum wage compensation alleged above in accordance with FLSA §16 (b), 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

**COUNT II**          **FAILURE TO PAY PLAINTIFF OVERTIME IN VIOLATION OF THE FLSA**

22.

The allegations of Paragraphs 1 through 21 above are incorporated by reference, as if each were fully set out herein.

23.

During his employment with Defendants, Plaintiff regularly worked in excess of forty hours each week.

24.

Defendants failed to compensate Plaintiff at one and one half times his regular rate for work in excess of forty hours in any week from June 1999 through July 27, 2010.

25.

Defendants willfully failed to compensate Plaintiff at one and one half times his regular rate for work in excess of forty hours in any week from June 1999 through July 27, 2010.

26.

As a result of underpayment of overtime as alleged above, Defendants are liable to Plaintiff in an amount to be determined at trial, in accordance with FLSA § 16(b); 29 U.S.C. §216(b).

27.

Plaintiff is entitled to liquidated damages in addition to the overtime compensation alleged above in accordance with FLSA §16 (b); 29 U.S.C. §216(b), because Defendants have willfully and repeatedly violated the FLSA.

28.

Plaintiff is entitled to recover his attorneys' fees and costs of litigation from Defendants in accordance with FLSA §16 (b); 29 U.S.C. §216(b).

## PRAYER FOR RELIEF

Plaintiff respectfully requests:

A. That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally in unpaid minimum wages due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff's reasonable attorneys fees and costs.

B. That Plaintiff be awarded an amount to be determined at trial against Defendants jointly and severally in unpaid overtime

compensation due under the FLSA, plus an additional like amount in liquidated damages due because of the Defendants' willful and repeated disregard for their obligations and Plaintiff's rights under the FLSA, plus prejudgment interest thereon, plus Plaintiff's reasonable attorneys fees and costs.

C. That Plaintiff be awarded his reasonable attorney's fees and expenses of litigation.

D. That Plaintiff be awarded such relief as is just, equitable and proper.

Respectfully submitted,


| | |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Charles R. Bridgers* |
| Kevin D. Fitzpatrick, Jr., | Charles R. Bridgers |
| Ga. Bar No. 262375 | Ga. Bar No. 080791 |
| 3100 Centennial Tower | 3100 Centennial Tower |
| 101 Marietta Street | 101 Marietta Street |
| Atlanta, GA 30303 | Atlanta, GA 30303 |
| (404) 979-3150 | (404) 979-3150 |
| (404) 979-3170 (f) | (404) 979-3170 (f) |
| kevin.fitzpatrick@dcnblaw.com | charlesbridgers@dcnblaw.com |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **HUMBERTO BUSTAMANTE,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | **CIVIL ACTION FILE** |
| | ) | **NO.** _____ |
| **vs.** | ) | |
| | ) | |
| **BRITO PRODUCE CO.,** | ) | **JURY TRIAL** |
| **and JESUS BRITO,** | ) |  **DEMANDED** |
| | ) | |
|     **Defendants.** | ) | |

## CERTIFICATE OF COUNSEL

Pursuant to N.D. Ga. R. 7.1, the undersigned counsel certifies that this pleading was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in N.D. Ga. R. 5.1 B.

This 16th day of August, 2010.

| | |
|---|---|
| 3100 Centennial Tower | *s/ Kevin D. Fitzpatrick, Jr.* |
| 101 Marietta Street, N.W. | Kevin D. Fitzpatrick, Jr. |
| Atlanta, Ga. 30303 | Georgia Bar No. 262375 |
| Telephone: (404) 979-3150 | Counsel for Plaintiff |
| Facsimile: (404) 979-3170 | |
| Kevin.Fitzpatrick@dcnblaw.com | |